UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD McFADDEN,

                 Petitioner,

-vs-

THOMAS POOLE,

                 Respondent.

**DECISION AND ORDER**
**No. 07-CV-6475T**

_____

## I. Introduction

*Pro se* Petitioner Ronald McFadden ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered May 28, 2004, in New York State, Supreme Court, Monroe County, convicting him, after a jury trial, of Murder in the Second Degree (N.Y. Penal Law ("Penal Law") §§ 20.00, 125.25[3]) and Attempted Robbery in the First Degree (Penal Law §§ 20.00, 110.00, 160.15[4]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

On June 29, 2003, Petitioner and co-defendant, Anthony Garrett ("Garrett"), attempted to rob Andrew Attinasi ("Attinasi" or "the victim") on East Main Street in the City of Rochester. Garrett was

armed with a .22 caliber sawed-off shotgun[1] and Petitioner acted as the lookout. The victim was walking down the street with two female friends when Garrett, wielding his weapon, approached the group from behind and demanded money. Petitioner approached Attinasi and the women from the roadside and stood by while Garrett shot and killed Attinasi. Petitioner was positively identified by the two surviving witnesses and acknowledged to police his role as the lookout/accomplice. According to Petitioner, he and Garrett had been driving around with a .22 caliber shotgun looking for someone to rob. Petitioner had agreed to act as the lookout and to watch for police while Garrett committed the robbery. Petitioner further admitted that after Garrett shot the victim, he and Garrett fled the scene. Trial Transcript [T.T.] 308-336, 342-371, 413-414.

Petitioner was indicted by a Monroe County Grand jury and charged with the attempted robbery and felony murder of Attinasi. See Ind. No. 0037C (Respondent's Appendix C). After a jury trial, Petitioner was found guilty of Murder in the Second Degree and Attempted Robbery in the First Degree. Petitioner was sentenced to 25 years to life on the murder conviction and 15 years determinate on the attempted robbery conviction. Sentencing Minutes [S.M.] 13.

Petitioner appealed his judgment of conviction to the Appellate Division, Fourth Department on the following grounds:

---

[1] The indictment alleges a .22 caliber rifle; however, throughout the state court records, the weapon is described interchangeably as a .22 caliber sawed-off shotgun and a .22 caliber sawed-off rifle.

(1) ineffective assistance of trial counsel; and (2) the verdict was against the weight of the evidence. The Appellate Division, Fourth Department unanimously affirmed Petitioner's conviction on April 20, 2007. People v. McFadden, 39 A.D.3d 1211 (4th Dept. 2007), lv. denied, People v. McFadden, 9 N.Y.3d 867 (2007).

On or about February 13, 2007, during the pendency of his direct appeal, Petitioner filed a motion to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10, on the ground that the prosecutor engaged in misconduct and violated his right against self-incrimination. That motion was denied by the Monroe County Court on April 20, 2007. See Order of the Monroe County Court (Hon. Dennis M. Kehoe), Ind. No. 03/0347C, dated 04/20/07. Petitioner failed to appeal the denial of the motion to the Appellate Division, Fourth Department.

On or about October 2, 2007, Petitioner filed the instant habeas petition, wherein he seeks relief on the following grounds: (1) his conviction was obtained by a violation of his right against self-incrimination; (2) illegal consolidation of indictments; (3) the prosecution was permitted to use false and suppressed evidence at trial; (4) ineffective assistance of counsel. Petition [Pet.] ¶12A-D. (Dkt. #1).

On or about November 29, 2007, Petitioner filed a motion to vacate the sentence, pursuant to CPL § 440.20, based upon newly discovered evidence. That motion was construed as a motion to

vacate the judgment, pursuant to CPL § 440.10, and denied by the Monroe County Court on January 22, 2008. See Decision and Order of the Monroe County Court (Hon. Dennis M. Kehoe), Ind. No. 03/0347C, dated 01/22/08. Petitioner failed to appeal the denial of the motion to the Appellate Division, Fourth Department.[2]

### III. General Principles Applicable to Habeas Review

#### A. The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence

---

[2] On or about February 5, 2010, Petitioner filed a Motion to Withdraw his habeas corpus petition. (Dkt. #9). On February 16, 2010, the Court (Hon. David G. Larimer) directed defendant to notify the Court in writing if wished to withdraw his petition. (Dkt. #10). In response, Petitioner submitted two letters to the Court. The first letter stated that he wished to withdraw the petition "so that [he] could properly attend to [a] legal matter with a 440 motion" or, alternatively, that he wished to have "the chance to argue the merits of the motions in the habeas corpus petition." (Dkt. #11). The second letter indicated that the Court's Order was "confusing" and "unclear" to Petitioner, but did not indicate whether Petitioner wished to withdraw the petition. (Dkt. #12). Subsequently, on or about April 14, 2010, Petitioner filed a motion to vacate the judgment of conviction, pursuant to CPL § 440.10, with the Monroe County Court, raising two additional claims. See Petitioner's CPL § 440.10 motion (undated) (hereinafter "the pending CPL § 440.10 motion"). That motion is currently pending disposition. In the interest of judicial economy, the Court will construe Petitioner's Motion to Withdraw as a Motion to Stay the habeas petition, and address each of the claims raised in the petition, as well as the two additional claims that are the subject of Petitioner's pending CPL § 440.10, since those additional claims are easily addressed on the merits. To that extent, Petitioner's Motion to Stay (Dkt. #9) is denied as moot.

presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would

-5-

be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been

'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

### C. The Adequate and Independent State Ground Doctrine

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

## IV. Petitioner's Claims

### 1. Ineffective Assistance of Counsel

#### a. Failure to Object to Prosecution's Application to Cross-Examine Petitioner Regarding Pending Weapons Charge

Petitioner asserts that he was deprived of his constitutional right to effective assistance of counsel based on, *inter alia*, his attorney's failure to object to the prosecution's application to cross-examine him regarding a pending weapons charge. Pet. ¶12D.

Petitioner raised this claim on direct appeal, and the Appellate Division rejected it on the merits.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." <u>Id.</u> To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>id.</u>, and may not second-guess defense counsel's strategy. <u>Id.</u> at 690. The Court finds that Petitioner has failed to demonstrate that his counsel's conduct was deficient within the meaning of <u>Strickland</u>, and that, but for the deficiency, the result of his trial would likely have been different.

Here, Petitioner's claim is belied by the record. The record shows that, contrary to Petitioner's allegation, counsel did object to the prosecutor's application to cross-examine him regarding a pending weapons charge. Indeed, counsel opposed the application and argued, on the record, the following: that the prejudicial value of such evidence would greatly outweigh any probative value; that the allegations concerning the type of weapon used in each crime were too similar; and that the evidence would serve only to demonstrate Petitioner's propensity to commit crime. T.T. 18-21. Additionally, the record reflects that counsel repeatedly objected to the prosecutor's cross-examination of Petitioner on the subject and that nearly all of these objections were sustained. T.T. 575-578.

Petitioner has also failed to meet the prejudice prong of <u>Strickland</u> by demonstrating that, but for counsel's alleged error, there is a reasonable probability that the outcome of the trial would have been different. The evidence of Petitioner's guilt was overwhelming: three eyewitnesses established that Petitioner had covered his face and stood as a look-out just a few feet away from Garrett when Garrett gunned down the victim during a robbery attempt; the three eyewitnesses positively identified Petitioner; Petitioner acknowledged the type of gun used to commit the crimes; and Petitioner confessed to acting as the look-out when speaking to police investigators. T.T. 316-322, 341-358, 456-478.

Accordingly, the Court cannot find that the trial court's determination of this issue was contrary to or an unreasonable application of Strickland. Habeas relief is not available to Petitioner and the claim is dismissed.

### b. **Failure to Produce/Investigate/Present Discovery Material**

Petitioner contends that he was deprived of his constitutional right to effective assistance of counsel because counsel failed to disclose, investigate, and present at his trial a transcript of co-defendant Garrett's conversation with a confidential informant that allegedly implicated someone other than Petitioner as Garrett's accomplice in the crime. See Pending CPL § 440.10 motion, pg. 6-7. The Court finds this claim unexhausted, but "patently frivolous,"[3] and will dismiss it on the merits pursuant to 28 U.S.C. § 2254(b)(2).

Here, Petitioner cannot make out a successful ineffective assistance of counsel claim. He argues that counsel was ineffective for failing to disclose, investigate, and to present at trial certain allegedly exculpatory discovery materials, namely

---

[3] The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims. See, e.g., Love v. Kuhlman, No. 99 Civ. 11063, 2001 U.S. Dist. LEXIS 22572 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, No. 97 Civ. 2508, 2002 U.S. Dist. LEXIS 11150 (E.D.N.Y. June 24, 2002); Toland v. Walsh, No. 02 Civ. 0399, 2008 U.S. Dist. LEXIS 24616 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002). A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, No. 00 Civ. 2306, 2000 U.S. Dist. LEXIS 10228 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard) (internal quotation marks omitted). Under either of these standards, Petitioner's claims are meritless.

Garrett's statements made to a confidential informant that identified someone other than Petitioner as Garrett's accomplice.

At the outset, the Court notes, as discussed below at Section IV, 2, that Garrett's statements to the confidential informant were, in fact, part of pre-trial discovery. See Letter of 09/09/03 from Special Assistant District Attorney Sandra Doorley to Jan P. Egger, Esq., pg. 3 ("the discovery letter") (Respondent's Appendix C). Moreover, there is nothing in the record -- nor does Petitioner point to anything outside the record -- that suggests counsel failed to "properly investigate" the pre-trial discovery material.

Moreover, counsel's failure to introduce into evidence Garrett's statements to the confidential informant did not prejudice his defense. See Strickland, 466 U.S. at 697. Under the prejudice prong of Strickland, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 698. Here, Petitioner makes no such showing. Rather, he makes a blanket, conclusory assertion that had counsel not failed to "properly investigate the discovery material" prior to trial, and had counsel presented Garrett's statements to the jury, he "would have been found not guilty of the charges in which he was tried for." Pending CPL § 440.10 motion, pg. 6. Such a contention -- based on nothing more than conjecture and rank

speculation -- is not sufficient to meet the prejudice prong of Strickland. In the instant case, the evidence against Petitioner was overwhelming, such that the Court cannot find that there is a reasonable probability that the outcome of the trial would have been different, but for counsel's alleged errors. Because Petitioner has not shown prejudice, the Court need not examine whether counsel's conduct was unreasonable. Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) ("'[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.'" (alterations in original) (quoting Strickland, 466 U.S. at 697)).

Accordingly, the Court finds this claim "patently frivolous" and without merit. There are no grounds upon which habeas relief is warranted, and the claim is therefore dismissed.

### 2. **Actual Innocence Based on Newly Discovered Evidence**

As a stand-alone claim, Petitioner asserts actual innocence based on newly discovered evidence. See Pending CPL § 440.10 motion, pg. 6-7. To support the claim, he points to the transcript of the conversation between co-defendant Garrett and a confidential informant, which allegedly implicates someone other than Petitioner as the sole accomplice in the shooting death of Attanasi, which, he claims, he was unaware of until "after the commencement of the

trial." Pending CPL § 440.10 motion, pg. 6. This claim does not present a ground for federal habeas corpus relief.

Federal law is clear that claims of actual innocence based on newly discovered evidence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings." Herrera v. Collins, 506 U.S. 390, 400 (1993). The mere existence of evidence relevant to the guilt or innocence of a state prisoner is outside of this court's purview, id. at 397-98 (citing Townsend v. Sain, 372 U.S. 293, 317 (1963)), because it is not the job of the federal habeas court to correct errors of fact or to offer a forum to relitigate state trials. Barefoot v. Estelle, 463 U.S. 880, 887 (1983). Courts in this Circuit have repeatedly held that claims of innocence without reliance on constitutional infirmities in the trial do not present a ground for federal habeas corpus relief. See Greene v. Walker, 205 F.3d 1322 (2d Cir. 1999) (citing Herrera, 506 U.S. at 400) (finding a stand alone actual innocence claim "fails to demonstrate a constitutional defect that would undermine the underlying conviction," thereby failing to provide a basis for habeas relief); see also Pino v. Sears, 03-CV-02945, 2006 U.S. Dist. LEXIS 92755 (E.D.N.Y. Dec. 20, 2006) (citing Herrera to show that "freestanding claims of actual innocence are not cognizable on federal habeas review"); Ortiz v. Woods, 463 F. Supp. 2d 380 (W.D.N.Y. 2006) (noting the Supreme Court's

declaration in <u>Herrera</u> that absent an independent constitutional violation at trial, a claim of newly discovered evidence does not provide a basis for habeas relief); <u>Serrano v. Walsh</u>, 04 Civ. 8614, 2005 U.S. Dist. LEXIS 31745, at *32 (S.D.N.Y. Dec. 9, 2005) (same); <u>Smithwick v. Walker</u>, 758 F. Supp. 178, 184 (S.D.N.Y. 1991) ("newly discovered evidence that victim was killed by another individual is not reviewable because it clearly goes to the guilt or innocence and thus does not form the basis for habeas corpus relief").

Petitioner's claim does not provide a basis for habeas relief insomuch as it based entirely on a claim of newly discovered evidence, unrelated to an independent constitutional infirmity in the underlying proceeding. And, in any event, the record reflects that the allegedly "newly discovered evidence" was part of pre-trial discovery, and, therefore, cannot be considered newly discovered. Pending CPL § 440.10 motion, pg. 6.

Accordingly, habeas relief is not available to Petitioner and the claim is dismissed.

### 3. Petitioner's Remaining Claims are Procedurally Defaulted

In grounds one, two and three of the petition, Petitioner argues that: (1) his conviction was obtained in violation of his constitutional right against self-incrimination; (2) there was an "illegal consolidation" of indictments; and (3) the prosecution improperly used "false and suppressed evidence" against him at

trial. Pet. ¶A-C. Petitioner failed to properly exhaust these claims in the state court. Although they are unexhausted, the Court deems them exhausted but procedurally defaulted because Petitioner no longer has state court remedies available to him to exhaust the claims.

In order for a claim to be exhausted, a petitioner is required to have presented the same claim presented in the habeas petition to each level of the state courts to which the right of appeal lies. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971); Daye, 696 F.2d at 191. Here, Petitioner raised the first and third claims in his first CPL § 440.10, but failed to appeal the denial of that motion. Claim two is raised for the first time in the habeas petition. These claims, therefore, are unexhausted. However, Petitioner cannot again seek leave to appeal the claims to the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.20. Moreover, collateral review of the claims is also barred because they are matters of record that could have been raised on direct appeal, but unjustifiably were not. See CPL § 440.10 (2)(c) (the court must deny a motion to vacate a judgment when sufficient facts appear on the record to have permitted adequate review of the issue on

appeal although no such review occurred due to Petitioner's unjustifiable failure to raise the issue on direct review).

A finding of procedural default will "bar habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the claim will result in a miscarriage of justice." Coleman, 501 U.S. at 749-50 (internal citations omitted); accord, e.g., Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). Petitioner makes no showing of the requisite cause and prejudice necessary to overcome the procedural bar. Petitioner has also not successfully demonstrated that he is actually innocent, such that this Court's failure to consider the claim would result in a miscarriage of justice. The Supreme Court has stated that a miscarriage of justice occurs in an "extraordinary" case as where a constitutional violation has "probably resulted in the conviction of one who is actually innocent." Schlup, 513 U.S. at 322-24. Petitioner has not presented any new evidence, as discussed under Section IV, 2, above. Nor has Petitioner demonstrated a miscarriage of justice by pointing to errors that call into question the validity of the trial itself. See Washington v. James, 996 F.2d at 1450.

Thus, Petitioner's claims are procedurally defaulted from review by this Court. Habeas relief is unavailable to Petitioner, and the claims are dismissed.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

---

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: May 3, 2010
Rochester, New York