UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD McFADDEN,

                     Petitioner,

-vs-

THOMAS POOLE,

                     Respondent.

_____

**DECISION AND ORDER**
**No. 07-CV-6475T**

## I.  Introduction

*Pro se* Petitioner Ronald McFadden ("Petitioner") was convicted, after a jury trial, of Murder in the Second Degree (N.Y. Penal Law ("Penal Law") §§ 20.00, 125.25[3]) and Attempted Robbery in the First Degree (Penal Law §§ 20.00, 110.00, 160.15[4]). Petitioner was sentenced to twenty-five years to life on the murder conviction and fifteen years imprisonment on the attempted robbery conviction.

By Decision and Order dated May 3, 2010, this Court denied Petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus (Dkt. No. 15) (hereinafter "the habeas decision"), and judgment was entered three days later on May 6, 2010 (Dkt. No. 16).

Petitioner now seeks reconsideration of the Court's habeas decision, pursuant to Fed. R. Civ. P. 60(b) (Dkt. No. 19).[1] For the reasons that follow, Petitioner's motion is denied.

---

[1] The Court liberally construes *pro se* Petitioner's correspondence of December 25, 2013 (Dkt. No. 19) as a motion pursuant to Fed. R. Civ. P. Rule 60(b) to the extent that he asks the Court to revisit and reconsider its May 3, 2010 Decision and Order denying him habeas relief and dismissing the habeas petition.

## II. The Motion is Untimely

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5). Subsection (6) allows a party to move for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Under Rule 60(c), the timeliness of a Rule 60(b) motion depends upon which of 60(b)'s six distinct "[g]rounds for relief the movant invokes; that section provides that [a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

Petitioner filed the instant motion in this Court on or about December 25, 2013,[2] more than three years after entry of the judgment from which he seeks relief and thus well beyond the one-year period applicable to most 60(b) motions. To the extent Petitioner has not explicitly invoked any particular subsection of 60(b) and his motion could liberally be construed as being brought under subsection (6), his motion appears to survive the one-year

---

[2] Petitioner's motion is dated December 25, 2013, but was not docketed in this Court until January 14, 2014. See Dkt. No. 19. Under the so-called "prison mailbox rule," a pro se prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the court. See Houston v. Lack, 487 U.S. 266, 270 (1988). Therefore, although Plaintiff's motion was not entered on the Court's docket until January 14, 2014, the Court will give Petitioner the benefit of the earlier date and consider it to have been filed as of December 25, 2013, the date it was signed by Plaintiff. See, e.g., Luna v. Artus, No. 10 Civ. 2565 (PKC) (KNF), 2010 U.S. Dist. LEXIS 60927 2010 WL 2594303, at *1 n.1 (S.D.N.Y. June 18, 2010) (citing Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001)).

bar. This requires the Court to consider, instead, whether the approximate three and a half years between judgment and motion is a "reasonable time" within the meaning of 60(c). The Court finds that it is not.

Determining whether a motion to vacate has been filed within a reasonable time "requires scrutin[izing] the particular circumstances of the case, and balanc[ing] the interests in finality with the reason for delay." Hom v. Brennan, 840 F. Supp. 2d 576, 581 (E.D.N.Y. 2011) (alterations in original) (internal quotation marks and citation omitted); see also DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994). In this case, Petitioner has not pointed to any circumstances whatsoever that prevented him from filing the instant motion earlier. While the Court is mindful that Petitioner is proceeding *pro se* and that his submissions are held to "less stringent standards than formal pleadings drafted by lawyers . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)), his pro se status does not excuse him from complying with the timing requirements of Rule 60(c). See generally Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (holding that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law"). When a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." Jackson v. Onondaga Cnty., 549 F. Supp. 2d 204, 214 n.28 (N.D.N.Y. 2008).

Accordingly, Petitioner's motion, made more than three years after this Court's entry of judgment is time-barred. Indeed,

Courts have found delays of shorter duration to be unreasonably long in the context of Rule 60(b) motions. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); James v. United States, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) ("Petitioner waited over twenty-one months before filing this motion . . . . Petitioner has not explained this delay. Federal courts have found unexcused delays shorter than twenty months to be unreasonable and therefore, time-barred . . . .   Accordingly, the court finds that the [] claim as not made within a reasonable time and may not be considered.") (citations omitted); Moses v. United States, 97 CIV 2833, 2002 U.S. Dist. LEXIS 16799, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (listing decisions that rejected 60(b) motions on timeliness grounds for delays ranging from ten to twenty months) (citations omitted).

**V.   Conclusion**

For the reasons stated above, the motion for reconsideration (Dkt. No. 19) pursuant to Fed. R. Civ. P. 60(b) is denied. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2),  I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken

in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

 S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   February 18, 2014
         Rochester, New York